## FROST NAT. BANK v. UNITED STATES.

### FRY v. SAME.

### Civil Action No. 323.

District Court, W. D. Texas, Austin Division.

Aug. 18, 1947.

Muckleroy McDonnold, of San Antonio, Tex., for plaintiffs.

J. M. Burnett, U. S. Atty., of San Antonio, Tex., for defendant.

RICE, District Judge.

The Court concludes, after considering the stipulated facts and the evidence, the briefs of the parties, and the law, that the plaintiffs are not entitled to recover herein and that judgment should be entered in favor of the defendant.

The Clerk of the Court will accordingly advise the attorneys of record of the findings and conclusions of the Court, and request defendant to prepare and submit to the Court, in accordance herewith, tentative Findings of Fact and Conclusions of Law, together with Judgments to be entered, and submit copies thereof to the attorney for plaintiffs.

### Findings of Fact.

I. The Court finds the fact admitted by the pleadings and set out in the stipulation of facts entered into between the parties.

II. The sole question at issue in each case is whether the common stock of the Hillyer-Deutsch-Jarratt Company of San Antonio became worthless during the year 1937. Plaintiffs' decedents were husband and wife. In their respective returns for the year 1937 a deduction of $90,000 was claimed as the value of the common stock of the Hillyer-Deutsch-Jarratt Company as worthless in that year, on the theory the entire value of the common stock of $180,-000 was the community property of each decedent. The Commissioner of Internal Revenue disallowed the loss deduction claimed by the plaintiffs' decedents on the ground that the common stock did not become worthless in 1937 but did in fact become worthless in a prior year. The deficiency determined on account of the said disallowance was duly paid and thereafter claims for refund filed, and on September 5, 1942, the Commissioner of Internal Revenue rejected and disallowed the said claims.

III. Hillyer-Deutsch-Jarratt Company was incorporated in the year 1904 for the purpose of engaging in the retail lumber business and the building and mortgage loan business. In 1928 it sold its retail lumber business and in each capital stock tax return filed by it for the years 1934 through 1937 included a statement as to the nature of the business and that it was in "liquidation of retail lumber business". The building and mortgage loan business was also in process of liquidation. The entire value of the capital stock was indicated as "zero" or "no value" or "exemption claimed". There was outstanding $200,000 in common stock and for the years 1935 and 1936 the amount of said stock had been reduced to $180,000, all of which was held by the plaintiffs' decedents. At the time of the reduction in the common stock there remained outstanding $387,500 worth of preferred stock.

IV. By the terms of the charter of Hillyer-Deutsch-Jarratt Company, the assets of the corporation in the event of liquidation were first to be used in the payment of all debts of the company, secondly, to the retirement of preferred stock, and lastly, to the retirement of the common stock.

V. On the books of Hillyer-Deutsch-Jarratt Company and as shown from the balance sheets, one of the principal assets was "non-business real estate". With few exceptions this item was carried on the balance sheets for the entire period subsequent to the year 1932 at a sum wholly disproportionate to and greatly in excess of the then fair market value thereof.

VI. The non-business real estate of the corporation was set up on the books at a figure disclosing the total actual cost to the company and the books did not at any time reflect the actual market value thereof.

VII. The non-business real estate of the company was comprised of properties on which loans had been made and later foreclosed and the properties which had been purchased or built by the company. The value of the real estate and other properties as disclosed by the books gradually decreased each year due to the increased sales thereof.

VIII. At no time, with few exceptions, was the actual market value of the real estate shown upon the books until the property was sold, at which time the loss to the Hillyer-Deutsch-Jarratt Company was taken by deducting the amount received for the property from the cost value as shown by the books. Only when a piece of real estate was sold was its true market value determined.

IX. The real estate market was at a low ebb in 1932 and 1933. In succeeding years it was on the rise and general conditions were better.

X. The records of the company disclosed losses sustained by reason of the sale of some 59 different properties which were carried as an account under the heading "non-business real estate", and losses sustained by the company in connection with the sale of three properties carried under the heading "investments". During 1933 and continuing through 1939 there were some 125 or 130 different properties carried under the heading "non-business real estate and investments."

XI. The sale price realized for any of the properties sold in 1933, 1934 and 1935 and continuing through 1939 was for a price at least equivalent to its fair market value in 1932 or 1933. If a property sold in 1936 or 1937 or in any of the succeeding years for $5,000, it is reasonable to conclude, and the Court so finds, that the value of such real estate was no more than $5,000 in 1932, 1933 or 1934, since the market was on the rise and general conditions were better in all years succeeding 1932 and 1933.

XII. By totaling the losses sustained on the 62 properties carried as real estate and investment on the books of Hillyer-Deutsch-Jarratt Company at cost to it, it is disclosed that on December 31, 1933, there was a write-down on the book value of such properties of $291,521.90. Using this as an ex-ample and by taking approximately one-half of the properties carried as assets of the company as of December 31, 1933, there would be only a surplus of $32,114.09 instead of $323,639.99. As of December 31, 1934, there is a total write-down of $266,-522.65 in the assets of the company which resulted in a deficit of $147,730.80 instead of a surplus as shown by the books of $113,791.85. For the year ending December 31, 1935, there is a total write-down of $250,976.12 which results in a deficit for said year in the amount of $239,234.40 instead of a surplus as shown by the books of $11,741.72. Also for the year ending December 31, 1936, there is a write-down of $229,762.10, which results in a total deficit of $291,466.33 instead of the deficit shown by the books of only $61,704.23. This comparison is a result of actual losses and covers approximately one-half of the real estate and investment carried as assets by the company. These losses were definitely ascertained and the sales made were upon increasingly good markets.

XIII. Plaintiffs have wholly failed to overcome the Commissioner's prima facie determination in this case.

XIV. As early as the year 1935, actual deficits in the assets of Hillyer-Deutsch-Jarratt Company greatly exceeded the value of the common stock then outstanding.

XV. Judgment in each case should be for the defendant.

## Conclusions of Law.

I. That the Commissioner of Internal Revenue correctly determined that the common stock of the Hillyer-Deutsch-Jarratt Company did not become worthless in the year 1937, and plaintiffs have failed to overcome by competent proof the Commissioner's determination in that regard.

II. That the common stock of the Hillyer-Deutsch-Jarratt Company became worthless in a year prior to the year 1937.

III. That the plaintiffs have failed to show that the corporate assets of the Hillyer-Deutsch-Jarratt Company had a value in the year 1937 in excess of the value of the common stock.

IV. That the identifiable events leading up to the total worthlessness of the common

stock of the Hillyer-Deutsch-Jarratt Company were the gradual and increasing deficits in the assets, properly valued, of the Hillyer-Deutsch-Jarratt Company until, at the beginning of the year 1935 there was a deficit, over and above the entire value of the common stock, at which time the preferred stock was still outstanding.

V. That the plaintiffs are not entitled to judgment in any amount.

VI. That judgment should be for the defendant.